**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**LEWIS DeCARLO**                                                                                   **PLAINTIFF**

**VERSUS**                                                      **CIVIL ACTION NO.  2:03cv11-KS-JMR**

**BONUS STORES, INC. d/b/a BILL'S DOLLAR**
**STORES, INC.; BAUGER HF, d/b/a ICELANDERS**
**STORE, INC.; JON ASGEIR JOHANNESSON;**
**TRYGGYI JONSSON; JIMMY A. SCHAFER;**
**And WILLIAM FIELDS**                                                               **DEFENDANTS**

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on the separate Motions to Dismiss pursuant to

Rule 12(b)(2), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure filed on

behalf of defendants Jon Asgeir Johannesson (hereinafter "Johannesson") and Tryggyi

Jonsson (hereinafter "Jonsson").  The Court having reviewed the motion, the response,

the briefs of counsel, the authorities cited, the pleadings and exhibits on file and being

otherwise fully advised in the premises, finds as follows, to wit:

This matter was commenced by the plaintiff's filing of his Complaint on January

10, 2003, alleging wrongful termination from his position with Bill's Dollar Stores.  The

complaint named as defendants Bonus Stores, Inc. d/b/a Bill's Dollar Stores, Inc.;

Bauger HF, d/b/a Icelanders Store, Inc., a shareholder of Bonus Stores; Jon Asgeir

Johannesson, President of Bauger; Tryggyi Jonsson and Willima Fields, who are, or

were, members of the Board of Directors of Bonus; and Jimmy A. Schafer, former CEO

of Bonus Stores.

Bonus Stores filed for bankruptcy protection in August 2003 and this case was stayed until a stipulation allowing the plaintiff to pursue his claims in this civil action was entered in March of 2005.  The case was reactivated in July of 2005.  Shortly thereafter, defendant  Bauger HF, d/b/a Icelanders Store, Inc., was dismissed on its motion after acknowledgment by the plaintiff that such was appropriate.

Defendants Johannesson and Jonsson have filed separate motions to dismiss asserting lack of *in personam* jurisdiction over each of them, insufficiency of process or insufficiency of service of process, and failure to state a claim.  Each of the defendant's reasoning on the insufficiency of process differs based on the methods of attempted service invoked by the plaintiff and will be discussed accordingly.

## SUFFICIENCY OF SERVICE OF PROCESS

### A.  Defendant Johannesson

According to the pleadings on file, the plaintiff, Lewis DeCarlo is a citizen and full-time resident of the state of Tennessee.  Even while he was working in Mississippi, the plaintiff remained a resident of Tennessee traveling to Mississippi during the work week to engage in his employment.   Defendant Johannesson is a citizen and full-time resident of Iceland.   The plaintiff attempted to serve Johannesson via certified mail to the business address of Bauger in Iceland.  The Proof of Service return receipt, filed on June 3, 2003, indicates that "Stella P." signed for the service on May 12, 2003.

Service of process regarding a summons and complaint is governed by Rule 4 of the Federal Rules of Civil Procedure.  Rule 4(f) dictates the procedure for service on an

2

individual defendant in a foreign country.  That section provides

> **(f) Service Upon Individuals in a Foreign Country**. Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in a place not within any judicial district of the United States:
>
> > **(1)** by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; or
> >
> > **(2)** if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:
> >
> > > **(A)** in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or
> > >
> > > **(B)** as directed by the foreign authority in response to a letter rogatory or letter of request; or
> > >
> > > **(C)** unless prohibited by the law of the foreign country, by
> > >
> > > > **(i)** delivery to the individual personally of a copy of the summons and the complaint; or
> > > >
> > > > **(ii)** any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served; or
>
> **(3)** by other means not prohibited by international agreement as may be directed by the court.

Iceland is not a signatory to the Hague Convention and therefore, service under subsection 4(f)(1) is not available.  The plaintiff appears to have attempted process under Rule 4(f)(2)(C)(ii).  Johannesson points out that the rule requires such service to be dispatched by the Clerk of Court.  The pleadings here indicate that such was dispatched by the attorney for the plaintiff.  For this reason, Johannesson asserts that

process on him was fatally flawed.

The plaintiff admits that he did not strictly comply with the requirements of 4(f)(2)(C)(ii) and then points to the language of 4(f)(3) which allows service "by other means not prohibited by international agreement as may be directed by the court." Johannesson counters with the argument that the court has never directed any type of service as appropriate and thus the plaintiff has failed to comply even with this subsection.

The plaintiff contends, without citation of authority,  that it is not necessary for the court to pre-approve the type of service which is appropriate and "not prohibited by international agreement."  For simple due process reasons, the court cannot agree with this reasoning.  When the plaintiff encountered difficulty serving this defendant, the appropriate course would have been to seek a court order directing appropriate process in the circumstances.  Without a careful analysis of international agreements and/or Icelandic law which might impact this matter, the court is in no position to approve service of process not in accordance with Rule 4 *ex post facto*.

The plaintiff has asked the court, in the event it finds service improper, to extend the time for service in lieu of dismissal.  The plaintiff also contends that he has continued to serve Johannesson by appropriate means to no avail.  It appears to the court that any such extension would be fruitless in light of the *in personam* jurisdiction problems addressed hereinafter.

**B.  Defendant Jonsson**

The situation with defendant Jonsson is slightly different than with Johannesson.

4

Jonsson is a citizen and resident of Iceland. According to the plaintiff, however, he also has a residence in Orlando, Florida, and a business address of Bonus Stores in Fort Lauderdale. The plaintiff attempted service at the business address of 4241 SW 82 Way, Ft. Lauderdale, Florida, by certified mail, return receipt requested. The plaintiff contends that the return receipt was returned and appeared to have been signed by Jonsson and then whited out with a notation that the addressee was unknown and did not live there. This return was not filed but the plaintiff indicated that it was an exhibit to his response to the motion to dismiss. However, it is not attached to the ECM documents on file with the court and thus the court has not reviewed it.

The plaintiff also attempted service by certified mail, return receipt requested, on Jonsson's purported Orlando address at 9406 Ashmore Lane, Orlando, Florida. A person named "Gierson" signed for the process on March 25, 2003. This proof of service is the only one filed for Jonsson, even though the plaintiff also attempted service at a Deland, Florida, address and on Bauger's office address in Iceland.

The plaintiff does not contend that process was proper under Rule 4(f) because process was effected while Jonsson was in this country. Instead, he contends that it was proper under Rule 4(e)(1) which provides

> **(e) Service Upon Individuals Within a Judicial District of the United States**. Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
> > **(1)** pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State;

The plaintiff correctly points out that service under this subsection is governed by what is appropriate under state law wherein the trial court sits, here Mississippi. *See City of Clarksdale, Acting by and Through the Clarksdale Public Utilities Commission v. Bellsouth Telecommunications, Inc.*, 428 F.3d 206 (5th Cir. 2005). Thus, the plaintiff contends that process was sufficient under Miss. Rules of Civil Procedure 4(c)(5), which provides

> **(5) Service by Certified Mail on Person Outside State.** In addition to service by any other method provided by this rule, a summons may be served on a person outside this state by sending a copy of the summons and of the complaint to the person to be served by certified mail, return receipt requested. Where the defendant is a natural person, the envelope containing the summons and complaint shall be marked "restricted delivery." Service by this method shall be deemed complete as of the date of delivery as evidenced by the return receipt or by the returned envelope marked "Refused."

Jonsson attacks the purported service by asserting that it was not marked for "restricted delivery" in compliance with the rule. The plaintiff concedes this point but insists that he has substantially complied with the rule and points to several Mississippi cases regarding the subject. None of the cases are on point but they do present some analogous situations. The plaintiff argues that either the process was properly accepted by a member of Jonsson's household ("Gierson") or was refused by the purported shenanigans related to the attempted delivery at the business address in Ft. Lauderdale.

The problem with the plaintiff's first argument is that this rule does not provide for the leaving of the process with someone other than the purported defendant at that person's address. That is the reason for the requirement of restricted delivery. It alerts the Post Office personnel attempting delivery that the person to whom it is addressed

must either sign for it or refuse it.  The subsection of the rule does not allow service on a surrogate as other subsections do.

The plaintiff's second argument fails because the return receipt from the attempted service at the Ft. Lauderdale address was not filed as a proof of service. However, even taking the plaintiff's representations as to the alterations of the receipt as true, there is no clear indication that Jonsson refused service as is required by the rule.

Plaintiff acknowledges that because Jonsson has filed an answer and motion to dismiss wherein he objected to  the sufficiency of service of process and *in personam* jurisdiction, those issues are properly before the court.  However, he also contends that Jonsson has never asserted that he did not personally receive the aforementioned process and that by entering his appearance through his attorney he is fully prepared to defend against this action.  Clearly, Jonsson has protected his right to contest this court's jurisdiction.

## *IN PERSONAM* JURISDICTION

Both Johannesson and Jonsson next attack this court's *in personam* jurisdiction over each of them.  "The party invoking the jurisdiction of a federal court bears the burden of establishing the court's jurisdiction over a nonresident defendant."  *Brown v. Flowers Industries, Inc.*, 688 F.2d 328, 332 (5th Cir. 1982)(*cert. denied* 460 U.S. 1023, 103 S.Ct. 1275, 75 L.Ed.2d 496 (1983)).  When the Court does not rely on an evidentiary hearing but instead decides the motion on the basis of pleadings and

7

exhibits on file, the party urging jurisdiction is only required to present a *prima facie* case of personal jurisdiction.  *See Brown v. Flowers Industries, Inc., supra; DeMelo v. Toche Marine Inc.*, 711 F.2d 1260, 1270-71, (5th Cir. 1983); and *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).

> The allegations of the complaint except insofar as controverted by opposing affidavits must be taken as true, and all conflicts in the facts must be resolved in favor of the plaintiffs for purposes of determining whether a *prima facie* case for personal jurisdiction has been established.

*Thompson v. Chrysler Motors Corp.*, 755 F.2d at 1165 (quoting *DeMelo v. Toche Marine Inc.*, 711 F.2d at 1270-71).

"Moreover all conflicts in the facts alleged in the opposing affidavits 'must be resolved in plaintiff's favor for purposes of determining whether a *prima facie* case for *in personam* jurisdiction has been established.'"  *DeMelo v. Toche Marine Inc.*, 711 F.2d at 1270, (quoting *Brown v. Flowers Industries, Inc.*, 688 F.2d at 333, quoting *United States Ry. Equipment Company v. Port Huron and Detroit R.R.*, 495 F.2d 1127, 1128 (7th Cir. 1974)).

This case asserts jurisdiction on the basis of diversity, 28 U.S.C. § 1332, and "[i]n a diversity action a federal court enjoys jurisdiction over a nonresident defendant to the extent permitted by the long-arm statute of the forum state."  *Brown v. Flowers Industries*, 688 F.2d at 331.  The Fifth Circuit has held that "the concept of personal jurisdiction comprises two distinct components:  amenability to jurisdiction and service of process."  *DeMelo*, 711 F.2d at 1264 (other citations omitted).  Further "amenability to jurisdiction means that a defendant is within the substantive reach of a forum's jurisdiction under applicable law.  Service of process is simply the physical means by

8

which that jurisdiction is asserted." *Id.*

The court has found that service of process as to Johannesson and Jonsson was fatally defective.  However, even if the court had concluded that service of process as to each defendant was proper, contrary to the plaintiff's assertions otherwise, the court would still be obligated to examine its personal jurisdiction over the defendants.  This is so because if personal jurisdiction does not exist, the case must be dismissed with prejudice.  The plaintiff's assertion that if process is sufficient, personal jurisdiction exists, is disingenuous.

A nonresident defendant is subject to the personal jurisdiction of a federal court sitting in diversity to the same extent a state court sitting in the state where the federal court sits would have.  *Brown v. Flowers Industries Inc.*, 688 F.2d at 331.  For diversity purposes, a state standard of amenability to jurisdiction is applied based on a finding as to whether or not the state court would have had jurisdiction.

To determine jurisdiction under the state standard, the court must find that the state's long-arm statute, as interpreted by the courts of that state, applies.  *DeMelo*, 711 F.2d at 1265.  The Court must then determine that the application of the state long-arm statute in the particular case facing the court comports with the due process requirements of the 14th Amendment.  *Brown v. Flowers Industries Inc.*, 688 F.2d at 331-32.

As set out above, there are two components to personal jurisdiction.  The service of process requirement and the amenability to jurisdiction.  The court  has found service of process defective but will, nevertheless, now address the challenges to the amenability to the jurisdiction of this court pursuant to the Mississippi long-arm statute.

9

The Mississippi statute reads in pertinent part

> Any non resident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state. Service of summons and process upon the defendant shall be had or made as is provided by the Mississippi Rules of Civil Procedure.

Miss. Code Ann. § 13-3-57 (Supp. 2004).

Section 13-3-57 is applicable to three types of nonresident defendants. Those are, by the terms of the statute, (1) nonresidents who make a contract with a resident of the state to be performed in whole or in part within the state; (2) any nonresident who commits a tort in whole or in part in the state against a resident or a nonresident; (3) and nonresidents who are "doing business" within the state. *See Smith v. Temco, Inc.*, 252 So.2d 212 (Miss. 1971).

### The "Contract" Prong

Under the so-called "contract" prong of the Mississippi long-arm statute a nonresident defendant must make a contract with a <u>resident</u> of Mississippi to be amenable to jurisdiction. The plaintiff is not and was not a resident of Mississippi even though he was traveling to Mississippi for employment purposes at the time of the complained-of conduct. Only resident of Mississippi may bring a suit against a non-resident under this prong of the Mississippi long-arm statute. Clearly, the plaintiff cannot bring his wrongful discharge claim under this prong of the long-arm statue. *See*

*Submersible Systems, Inc. V. Perforadora Central, S.A.*, 249 F.3d 413, 418 (5th Cir. 2001).

### The "Doing Business" Prong

Under the so-called "doing business" prong of the Mississippi long-arm statute

> (1) the nonresident defendant must purposefully do some act or consummate some transaction within the state; (2) the cause of action must arise from or be connected with such act or transaction; and (3) the assumption of jurisdiction by Mississippi must not offend traditional notions of fair play and substantial justice.

*Cycles v. W. J. Digby*, 889 F.2d at 620, (other citations omitted).

The plaintiff has strongly asserted, at least as to Jonsson, that he, Jonsson, has systematically conducted business in Mississippi so as to subject himself to personal jurisdiction in this forum.  Specifically, DeCarlo sets forth several business meetings that Jonsson allegedly attended in Mississippi pertaining to the operations of Bill's Dollar Stores and more specifically in regards to the decision to terminate the plaintiff.

The plaintiff fails to recognize, and indeed argues to the contrary, that this prong of the statute is not available to him as a non-resident against a non-resident regardless of whether or not the defendant non-resident is doing business in Mississippi.  *See Delgado v. Reef Resort Limited*, 364 F.3d. 642 (5th Cir. 2004)(*cert. denied* 128 S.Ct. 413 (2004)); and *Submersible Systems, Inc. v. Perforadora Central, S.A., supra.*  It is true that the doing business prong of the Mississippi long-arm statute bears a certain resemblance to the minimum contacts requirement under the due process analysis but it is not relevant here.

The plaintiff has made minimal effort to assert his claim against defendant Johannesson under this analysis.  Such would be fruitless in light of the total lack of facts to tie Johannesson, in his personal capacity, to the wrong allegedly perpetrated upon the plaintiff.

### The "Tort" Prong

The plaintiff alleges that the defendants have committed a tort against him in the State of Mississippi.  Specifically, the plaintiff claims that he was fired in retaliation for his reporting of financial irregularities in the dealings of certain management people of Bill's Dollar Stores to the officers/directors of defendant Bonus.  To support his argument as to Jonsson, the plaintiff once again points out the personal trips Jonsson made to Mississippi as a member of the Board of Directors of Bonus Stores.  The plaintiff does not refute Jonsson's assertions that his trips to Mississippi were in his official capacity as a director of Bonus and that he, Jonsson, had no personal business dealings with the plaintiff outside of his relationship as a Bonus Stores executive.

Under Mississippi law, there are few exceptions to the employment at will doctrine.  Two of those exceptions were recognized in *McArn v. Allied Bruce-Terminix Co., Inc.*, 626 So. 2d 603 (Miss. 1993).  The court held

> We are of the opinion that there should be in at least two circumstances, a narrow public policy exception to the employment at will doctrine and this should be so whether there is a written contract or not: (1) an employee who refuses to participate in an illegal act as in *Laws* shall not be barred by the common law rule of employment at will from bringing an action in tort for damages against his employer; (2) an employee who is discharged for reporting illegal acts of his employer to the employer or anyone else is not barred by the employment at will doctrine from bringing action in tort for damages against his employer.

626 So.2d at 607.  Retaliatory discharge against an employer with a dismissal of the individual defendants was affirmed by the Mississippi Supreme court recently in *East Mississippi State Hospital v. Callens*, 892 So.2d 800 (Miss. 2004).  The plaintiff has provided no case where a retaliatory discharge claim was allowed to proceed against individual officers or directors of an employer.  If a claim for retaliatory discharge will lie in this case, it will do so only against the employer who is responsible for the actions of its employees.

As in the case of the analysis under the "doing business" prong, the plaintiff has made minimal effort to support his claim under this prong against Johannesson.  As above, it would be fruitless.

## CONCLUSION

If the court had concluded that it could exercise personal jurisdiction over either Johanneson or Jonsson under the Mississippi Long-arm statute it would then be called upon to analyze the appropriateness of that exercise of jurisdiction under the due process clause of the 14TH Amendment to the U.S. Constitution.  In the opinion of the court, the plaintiff has failed to present a *prima facie* case of personal jurisdiction over either Johannesson or Jonsson or that he is entitled to go forward.  There is, therefore, no necessity to examine the appropriateness of an exercise of *in personam* jurisdiction over either defendant Johannesson or defendant Jonsson by this court under the due process clause.

The court therefore finds that the plaintiff has failed to make out a *prima facie*

13

case that this court has *in personam* jurisdiction over either defendant Johannesson or defendant Jonsson and that the plaintiff's complaint exhibited against these two defendants should be dismissed with prejudice.

IT IS THEREFORE ORDERED AND ADJUDGED that defendant Johannesson's Motion to Dismiss **[#40]** is Granted and the complaint is dismissed with prejudice as to this defendant.

IT IS FURTHER ORDERED AND ADJUDGED that defendant Jonsson's Motion to Dismiss **[#44]** is Granted and the complaint is dismissed with prejudice as to this defendant.

A separate judgment will be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the3rd day of February, 2006.


*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

14